UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATHELSTAN A. WRIGHT, | No. 2:24-cv-0420 CSK P |
| Plaintiff, | |
| v. | ORDER |
| M. DEFOREST, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Discussion

The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states the following potentially cognizable claims:

- retaliation claim against defendant Deforest in violation of the First Amendment (claim one) based on plaintiff's claim that Deforest authored a false rules violation report ("RVR") against plaintiff in retaliation for plaintiff filing administrative grievances;
- an Eighth Amendment claim against defendant R. St. Andre based on plaintiff's placement and retention in administrative segregation in January 2023 until his

3

release in April 2023 (claim two); and

- retaliation and equal protection claims against defendants Jodin, Murphy and Albrecht in violation of the First and Fourteenth Amendments, based on their actions in September 2022 (claim three).

See 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the remainder of the complaint does not state cognizable claims.

Claim One: "Defendants"

Aside from defendant Deforest, plaintiff includes no specific factual allegations as to the remaining five defendants in connection with plaintiff's claim that he was wrongfully housed in administrative segregation in January 2023. (ECF No. 1 at 5-8.) Rather, plaintiff focuses on the actions of defendant Deforest, but then refers generally to "defendants." (ECF No. 1 at 8.) Plaintiff also alleges that "a supervisor may be held personally responsible for the deprivation of constitutional rights if, inter alia, the supervisor (a) is aware of deprivation and fails to remedy it; or (b) created, or allowed to continue, a policy which unconstitutional practices occurred. Both of which are the case in this claim." (ECF No. 1 at 7.) Such claim is too vague and conclusory to put each named defendant on notice as to what specific act or omission allegedly violated plaintiff's rights. In his complaint, plaintiff names six different defendants and includes allegations concerning events in January 2023 and September 2022. In order to state a cognizable civil rights claim, plaintiff must allege specific facts as to each defendant and make clear what each named defendant did or did not do that violated plaintiff's constitutional rights.

Further, if plaintiff is attempting to demonstrate that a supervisor is liable, plaintiff must identify the defendant who was the supervisor. Also, alleging that a supervisor was "aware" is insufficient, particularly if plaintiff is attempting to raise a retaliation claim.[1] As set forth above,

---

[1] Personal participation in the retaliatory conduct, and not merely the existence of a supervisory relationship, is required to hold supervisors liable. Ashcroft, 556 U.S. at 676 (holding that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A person does not become

the sole cognizable claim presented in claim one is the retaliation claim against defendant Deforest who personally authored the RVR.  As to claim one, plaintiff is granted leave to amend as to any remaining defendant who was involved in the January 2023 segregation placement.

Claim Two:  Defendant R. St. Andre

Plaintiff's second claim is not clear.  Initially, plaintiff states that on September 14, 2022, he filed a grievance to the High Desert State Prison Office of Appeal requesting that the hiring authority defendant R. St. Andre, Warden, intervene on staff misconduct, informing defendant R. St. Andre of the retaliation by Albrecht, Jodin, and M. Murphy, but St. Andre failed to ameliorate or correct the actions of defendants Deforest, Griffith, Jodin, Murphy and Albrecht.  (ECF No. 1 at 9.)  However, based on such allegation, it is unclear how, or if, defendant St. Andre received notice of such 2022 grievance.  Plaintiff concedes that St. Andre did not commit the due process violation but claims that St. Andre "became responsible for all named defendants when he failed to correct subordinates in the course of his supervisory responsibility and affirmed [plaintiff's] segregation placement and disciplinary charges."  (ECF No. 1 at 9.)  However, such vague and conclusory statement is insufficient to state a claim against Warden St. Andre.  See Ashcroft, 556 U.S. at 679.  Moreover, the segregation placement was in January 2023, not September 2022, and the alleged retaliation by defendants Jodin, Albrecht and Murphy took place in September 2022 (claim three).

Plaintiff then alleges that while he was in segregation for the extortion charges in 2023, he wrote to defendant St. Andre on two separate occasions, putting St. Andre on notice of plaintiff's allegations and requesting that St. Andre correct the wrongful placement of plaintiff in segregation.  Thus, the Court finds that in claim two, plaintiff states a potentially cognizable civil rights claim against defendant St. Andre as to the events in January 2023, but not as to the events in September 2022.  Plaintiff's allegations in claim two based on defendant St. Andre's acts or omissions in September 2022 are dismissed with leave to amend.

---

liable for retaliation merely because he or she knows of, or is a supervisor of, someone who engages in retaliation.  Cf. Ashcroft, 556 U.S. at 677.  Each defendant must be aware of the protected conduct and that conduct must give them a retaliatory motive that causes the chilling adverse conduct; mere speculation is insufficient.  Id.

Claims Three and Four:  Defendant Griffith

In addition to the cognizable claims alleged against defendants Jodin, Albrecht and Murphy in claim three, plaintiff includes a single allegation as to defendant Griffith:  while plaintiff was in segregation, Griffith authored a purportedly false RVR against plaintiff for allegedly falsifying a document which plaintiff claims could affect his term.  (ECF No. 1 at 17.)  In claim four, plaintiff alleges that on January 24, 2023, defendant Griffith knowingly entered into "SOMS" a false report intending to cause plaintiff further harm and to cover up the misconduct of other defendants.  (ECF No. 1 at 19-20.)  He claims that Griffith "conspired with other defendants to take it upon themselves to fabricate reports knowing lodged reports would cause plaintiff severe injury, loss of liberty."  (Id. at 20.)  Plaintiff claims that defendant Griffith violated the First, Eighth and Fourteenth Amendments by filing a false RVR which was not supported by some evidence, and also violated California Penal Code Sections 2651, 2600 and 2650, and "strayed from prison regulations."  (Id.)  Plaintiff alleges he was deprived of his due process rights because of Griffith's false RVR and targeted harassment.  (Id.)  Further, plaintiff alleges that defendant Griffith is "in conflict of interest" because he was also involved in the "incident package #51095, extortion of a peace officer" based on defendant Albrecht's false allegation.  (ECF No. 1 at 21.)

Plaintiff's allegations as to defendant Griffith fail to state a cognizable civil rights claim.  Plaintiff does not allege that defendant Griffith filed the false RVR based on plaintiff's protected conduct.[2]  Rather, plaintiff claims it was to harass plaintiff[3] and to cover up the other defendants'

---

[2] "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

[3] Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable);

6

actions. Thus, plaintiff fails to state a retaliation claim against Griffith. To the extent plaintiff attempts to raise a separate cover-up claim, such claim is premature. Allegations that officials engaged in a cover-up state a constitutional claim only if the cover-up deprived a prisoner of the right of access to courts by causing the prisoner to fail to obtain redress for the constitutional violation that was the subject of the cover-up. Dell v. Espinoza, 2017 WL 531893, at *6-7 (E.D. Cal. Feb. 7, 2017) (citing Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 625 (9th Cir. 1988) (cover-up "allegations may state a federally cognizable claim provided that defendants' actions can be causally connected to a failure to succeed in the present lawsuit.")); Rose v. City of Los Angeles, 814 F. Supp. 878, 881 (C.D. Cal. 1993). A cover-up claim is premature when, as here, plaintiff's action seeking redress for the underlying constitutional violations remains pending. See Karim-Panahi, 839 F.2d at 625 (claim alleging police cover-up of misconduct was premature when action challenging misconduct was pending); Rose, 814 F. Supp. at 881 ("Because the ultimate resolution of the present suit remains in doubt, [p]laintiff's cover-up claim is not ripe for judicial consideration.") Therefore, plaintiff fails to state a claim against defendant Griffith for an alleged cover-up. Because such claim is premature, plaintiff should not include such claim in any amended complaint.

Also, plaintiff claims that defendant Griffith violated various sections of the California Penal Code as well as prison regulations. However, criminal statutes do not give rise to civil liability. Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006). In addition, absent any constitutional violation, to the extent plaintiff claims defendant Griffith violated prison regulations contained in Title 15 of the California Code of Regulations, such claims also fail, because there is no independent cause of action for violation of those regulations. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90

---

Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F. Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983).

F.3d 367, 370 (9th Cir. 1996); see also Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right). Thus, such claims should also not be included in any amended complaint.

Further, plaintiff's conclusory statement that defendant Griffith conspired with other defendants is insufficient. To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must "demonstrate the existence of an agreement or 'meeting of the minds' to violate constitutional rights." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1301 (9th Cir. 1999) (citations omitted); Woodrum v. Woodward Cnty., 866 F.2d 1121, 1126 (9th Cir. 1989) (same). The Court will not speculate as to who plaintiff believes defendant Griffith may have conspired with or the manner in which they may have done so. See Bell Atlantic, 550 U.S. at 556 ("an allegation of parallel conduct and a bare assertion of conspiracy will not suffice.").

Finally, in the initial section of claim four, plaintiff also alleges, in conclusory form, a violation of California Government Code Section 854.4 and "defamation and libel[ous] act." (ECF No. 1 at 19.) Plaintiff includes no factual allegations addressing such violations. Moreover, it does not appear that section 854.4, which defines "mental illness or addiction" applies. Cal. Gov't Code § 854.4. Plaintiff's references, without more, are unavailing.

In an abundance of caution, plaintiff is granted leave to amend as to defendant Griffith, provided plaintiff can allege specific facts demonstrating that defendant Griffith violated plaintiff's federal or constitutional rights.

Plaintiff's Options

First Option. Plaintiff may proceed forthwith to serve defendants M. Deforest, R. St. Andre, and D. Jodin, M. Murphy and A. Albrecht and pursue his claims against only those defendants, as set forth above, or he may delay serving any defendant and attempt to rectify the deficiencies identified above. If plaintiff elects to proceed forthwith against defendants M. Deforest, R. St. Andre, and D. Jodin, M. Murphy and A. Albrecht, against whom he stated potentially cognizable claims for relief, then within thirty days plaintiff must so elect on the appended form. In this event the court will construe plaintiff's election as consent to dismissal of defendant Griffith and the noncognizable claims against the remaining defendants identified

above without prejudice. Under this option, plaintiff does not need to file an amended complaint.

<u>Other Option</u>. Or, plaintiff may delay serving any defendant and attempt to state a cognizable claim against defendant Griffith and attempt to state additional cognizable claims against the remaining defendants. If plaintiff elects to attempt to amend his complaint, he has thirty days to do so. Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. <u>Johnson</u>, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See <u>Lopez</u>, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft</u>, 556 U.S. at 678 (citing <u>Bell Atlantic</u>, 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft</u>, 556 U.S. at 678 (quoting <u>Bell Atlantic</u>, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

<u>Ashcroft</u>, 566 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. <u>Id.</u>

9

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff is not granted leave to add new claims or new defendants.[4] In addition, because plaintiff is pursuing claims related to incidents that occurred in two different years, plaintiff should specifically identify the date of the act or omission as to each named defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The allegations in the complaint are sufficient at least to state potentially cognizable claims against defendants M. Deforest (claim one), defendant R. St. Andre (claim two, 2023 allegations), and defendants Jodin, Murphy and Albrecht (claim three). See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the court within thirty days from the date of this order. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

4. Plaintiff's claims against defendants St. Andre, Albrecht, Jodin, Griffith, and Murphy

---

[4] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended, in part, "to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Id.

(claim one), his claims against defendant St. Andre as to the 2022 events (claim two), and his claims against defendant Griffith (claims three and four) are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to remedy the above-described deficiencies.  Plaintiff is not obliged to amend his complaint.

5.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  May 30, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/wrig0420.14o.csk

11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATHELSTAN A. WRIGHT,<br><br>                Plaintiff,<br><br>        v.<br><br>M. DEFOREST, et al.,<br><br>                Defendants. | No.  2:24-cv-0420 CSK P<br><br><br><u>NOTICE OF ELECTION</u> |

Plaintiff elects to proceed as follows:

_____        Plaintiff opts to proceed with the following claims:  (a) retaliation claim against defendant Deforest in violation of the First Amendment (claim one) based on plaintiff's claim that Deforest authored a false RVR against plaintiff in retaliation for plaintiff filing grievances; (b) an Eighth Amendment claim against defendant R. St. Andre based on plaintiff's placement and retention in administrative segregation in January 2023 until his release in April 2023 (claim two); and (c) retaliation and equal protection claims against defendants Jodin, Murphy and Albrecht in violation of the First and Fourteenth Amendments, based on their actions in September 2022 (claim three).  Under this option, plaintiff consents to dismissal of plaintiff's claims against defendants St. Andre, Albrecht, Jodin, Griffith, and Murphy (claim one), his claims against defendant St. Andre as to the 2022 events (claim two), and his claims against defendant Griffith (claims three and four) without prejudice.

**OR**

\_\_\_\_\_        Plaintiff opts to file an amended complaint and delay service of process.

DATED: _____                    _____
                                                                                Plaintiff

12