UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATHELSTAN A. WRIGHT, | No. 2:24-cv-0420 CSK P |
| Plaintiff, | |
| v. | ORDER |
| M. DEFOREST, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff's amended complaint is before the Court. As discussed below, plaintiff is granted an opportunity to proceed on the claims identified as cognizable, or he may elect to file a second amended complaint.

**I.   SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**II.    THE CIVIL RIGHTS ACT**

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

### III. PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's allegations are based on incidents that took place at High Desert State Prison ("HDSP").  (ECF No. 11.)  In his first claim, plaintiff alleges defendants M. Deforest and A. Albrecht authored a false rules violation report ("RVR") against plaintiff in retaliation for plaintiff filing administrative grievances against defendants A. Albrecht, D. Jodin and M. Murphy, which resulted in plaintiff being unlawfully held in administrative segregation ("ad seg") for 97 days.  (ECF No. 11 at 5-10.)  Plaintiff was found not guilty of the RVR on June 6, 2024.  (Id. at 9.)  In addition to being housed in ad seg, plaintiff was deprived of good time credits; lost eligibility for minimum custody; lost his job as a plumber; lost his wife to divorce because of the false charges and possibility of getting more time in prison; could not be considered for 1170 resentencing for positive programming due to false charges; was placed on close custody status for one year; and could not receive conjugal visits.  (Id. at 10.)

In his second claim, plaintiff alleges that on September 19, 2022, plaintiff submitted a grievance in which he requested that defendant R. St. Andre intervene to stop staff misconduct and retaliation by defendants A. Albrecht, D. Jodin and M. Murphy.  (Id. at 11.)  In addition, while plaintiff was in ad seg, he wrote to defendant R. St. Andre and requested release from ad seg based on plaintiff's right to file grievances.  (Id. at 12.)  Plaintiff contends defendant St. Andre failed to correct the retaliatory misconduct.  (Id.)  Plaintiff cites the same injuries as those set forth in claim one.  (Id. at 14.)

///

In his third claim, plaintiff alleges that defendants B. Jodin, M. Murphy, and A. Albrecht improperly conducted a cell search by searching only plaintiff's cell, and argues that if there was an active investigation, defendants should have searched all the cells. (Id. at 15.) Plaintiff also alleges that defendants B. Jodin, M. Murphy, and A. Albrecht retaliated against plaintiff for filing a grievance concerning the September 8, 2022 cell search by removing all of plaintiff's personal property from his cell and throwing some of it over the tier into an orange bin rather than properly gathering the property for alleged inspection for contraband. (Id.) Plaintiff also alleges he was falsely charged with an RVR alleging plaintiff extorted peace officers using threats of staff allegations and civil suits. (Id. at 15-18.) Plaintiff alleges that on January 10, 2023, defendants A. Albrecht and D. Jodin summoned plaintiff to the HDSP program office to discuss plaintiff's grievances, where they secretly recorded the conversation with the malicious intent to falsely accuse plaintiff of extortion. (Id. at 17-18.) As a result, plaintiff was placed in ad seg based on false documents. Plaintiff reiterated his retaliation claim against defendant A. Albrecht from the first claim. (Id. at 18-19.) Further, on January 23, 2023, while housed in ad seg, plaintiff received another RVR authored by defendant C. Griffith, which could affect plaintiff's term, claiming plaintiff falsified a grievance plaintiff "filed on defendant A. Albrecht for falsely logging a report against plaintiff to retaliate as defendant A. Albrecht stated she would 'fuck us' (plaintiff) on 9-14-22." (Id. at 19-20.) Plaintiff's grievance was granted, but he was still punished for exercising his First Amendment rights. (Id. at 20.) Plaintiff alleges violations of the First, Eighth, and Fourteenth Amendments, as well as libel/defamation, California Government Code Sections 845.4 and Penal Code Sections 2600 and 1170. (Id. at 15, 20.) As injury, plaintiff claims false reports were entered into the Strategic Offender Management System ("SOMS") with the intent to cause plaintiff harm and danger and to cover up misconduct; mental damages, severe headaches and stress related issues due to retaliation. (Id.)

Finally, in his fourth claim, plaintiff alleges that on January 23, 2023, while housed in ad seg, plaintiff was served an RVR (#726187) for "falsification of a document which could affect term," authored by defendant C. Griffith. (Id. at 21.) Plaintiff claims the allegedly false document was a grievance (# 346850) filed by plaintiff and granted by the office of appeals.

Plaintiff claims this false RVR violated plaintiff's access to the courts, and his right to file grievances and be free from retaliation. (Id.) On December 30, 2023 [sic], plaintiff filed a grievance (#346850) for a dangerous contraband RVR (#7223905) which was granted in plaintiff's favor, yet defendant filed the RVR against plaintiff after the office of appeals granted plaintiff's grievance. On February 19, 2023, plaintiff was found guilty of RVR #7262187 and given restrictions for punitive punishment while already in ad seg. (Id. at 21-22.) Plaintiff appealed RVR #7262187 and was found not guilty by the Associate Warden. (Id. at 22.) Plaintiff alleges that defendant C. Griffith knowingly and intentionally entered into CDCR SOMS a false report with the intent to inflict punitive punishment while plaintiff was already in ad seg, "violating plaintiff's protected conduct and due process of law." (Id.) Plaintiff claims there was no evidence to support the RVR. (Id.) Plaintiff alleges violations of the First, Eighth and Fourteenth Amendments. (Id. at 21.)

As relief, plaintiff seeks a declaratory judgment, injunctive relief, and money damages. (Id. at 23-26.)

**IV.   DISCUSSION**

**A. Eleventh Amendment Bars Official Capacity Claims**

Plaintiff sues all of the named defendants in their individual and official capacities. (ECF No. 11 at 2.) Claims for damages against the state, its agencies, or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. See Quern v. Jordan, 440 U.S. 332, 344-45 (1979); see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that the Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities). Therefore, plaintiff's claims for monetary damages against all of the defendants in their official capacities are barred by the Eleventh Amendment and must be dismissed.

///

///

**B. Cognizable Claims**

The Court reviewed plaintiff's amended complaint and, for the limited purposes of § 1915A screening, finds that it states the following potentially cognizable claims:

- Retaliation claims against defendants M. Deforest, A. Albrecht, and D. Jodin in violation of the First Amendment (claims one and three) based on plaintiff's claims that M. Deforest, A. Albrecht and D. Jodin contributed to and authored a false rules violation report ("RVR") in 2023 against plaintiff in retaliation for plaintiff filing administrative grievances against defendants A. Albrecht, D. Jodin and M. Murphy.
- Retaliation claims against defendants D. Jodin, M. Murphy and A. Albrecht in violation of the First Amendment, based on their actions in September 2022 (claim three).
- Eighth Amendment claims against defendants M. Deforest, A. Albrecht, and D. Jodin based on plaintiff's placement and retention in administrative segregation in 2023 for 97 days based on the false RVR (claims one and three).
- Eighth Amendment claims against defendant R. St. Andre based on plaintiff's placement and retention in administrative segregation in January 2023 until his release in April 2023, and failure to intervene to correct staff misconduct (claim two).

See 28 U.S.C. § 1915A.

**C. Noncognizable Claims**

For the reasons stated below, the Court finds that the remainder of the amended complaint does not state cognizable claims against defendants M. Deforest, A. Albrecht, D. Jodin, M. Murphy, and R. St. Andre.

***1. Claim One***

Although plaintiff also cited a Fourteenth Amendment violation against defendants M. Deforest and A. Albrecht, plaintiff set forth no facts supporting a Fourteenth Amendment claim. To the extent he contends his retaliation claims also support a Fourteenth Amendment due

6

process claim, plaintiff is mistaken. A due process claim is subsumed by the First Amendment and does not state a separate claim. See Albright v. Oliver, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing such a claim.") (internal quotes and citation omitted). Plaintiff also marked "access to courts" as an issue.[1] But plaintiff identifies no actual injury he sustained to his court access. Rather, plaintiff's allegations in his first claim are solely based on the First and Eighth Amendments. Thus, plaintiff's Fourteenth Amendment and access to the courts claim against defendants M. Deforest and A. Albrecht in plaintiff's first claim should be dismissed.

### 2. *Claim Two*

In the second claim, plaintiff also alleges violations of the First and Fourteenth Amendments by defendant R. St. Andre. However, there are no allegations that defendant R. St. Andre retaliated against plaintiff or violated plaintiff's due process rights. Indeed, plaintiff concedes defendant R. St. Andre did neither. (ECF No. 11 at 11.) Plaintiff's allegations against defendant R. St. Andre are based on alleged violations of the Eighth Amendment and R. St. Andre's alleged failure to intervene to correct staff misconduct. Thus, plaintiff's First and Fourteenth Amendment claims against defendant R. St. Andre in claim two should be dismissed.

### 3. *Claim Three*

#### a. **No Equal Protection Claim**

Plaintiff alleges his right to equal protection was violated when defendants B. Jodin, M. Murphy, and A. Albrecht searched only plaintiff's cell, and not all of the cells, which he alleges was required if there was an active investigation for contraband. (ECF No. 11 at 15.)

---

[1] Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by Lewis, 518 U.S. at 354. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions, and requires a prisoner to show that he suffered an "actual injury," "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." See Lewis, 518 U.S. at 348-49, 353 n.3, 354-55; see also Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (citing Lewis, 518 U.S. at 353 & n.4).

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). "This does not mean, however, that all prisoners must receive identical treatment and resources." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013) (citations omitted). Prisoners are not a protected class for purposes of an equal protection claim. See Taylor v. Delatoore, 281 F.3d 844, 849 (9th Cir. 2002) (indigent prisoners are not a protected class for purposes of stating an equal protection claim). Prisoners must provide "facts plausibly showing that the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class." Id. (internal quotation marks and citations omitted). In the alternative, plaintiff must demonstrate that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Here, plaintiff does not allege that he was a member of a protected class, or that his cell was searched because of plaintiff's protected status. Rather, plaintiff claims that the cell was searched due to an alleged search for contraband. Although plaintiff appears to suggest that the alleged contraband search was conducted under false pretenses, he includes no facts connecting the search to plaintiff's protected status or showing it was without a legitimate state purpose. Plaintiff has not alleged facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Thus, plaintiff fails to state a claim for violation of his right to equal protection, and the equal protection claim should be dismissed.

### b. No Libel/Defamation Claim

Initially in claim three, plaintiff alleges violations of the First, Eighth and Fourteenth Amendments, retaliation and "libel/defamation." (ECF No. 11 at 15.) As noted above, the Court

8

found that plaintiff stated cognizable First and Eighth Amendment violations against defendants M. Deforest, A. Albrecht, and D. Jodin.  However, claims of defamation or libel do not rise to the level of a federal constitutional violation.  See Paul v. Davis, 424 U.S. 693, 699-701 (1976) (holding defamation is not actionable under § 1983); Hernandez v. Johnson, 833 F.2d 1316, 1319 (9th Cir. 1987) (holding that libel and slander claims are precluded by Paul); Whatley v. Gray, 2018 WL 828200, at *2 (S.D. Cal. Feb. 8, 2018); Sadler v. Dutton, 2017 WL 3217119, at *6 (D. Mont. June 1, 2017) (same), report and recommendation adopted, 2017 WL 3219479 (D. Mont. July 28, 2017).  Thus, plaintiff's libel/defamation claims should be dismissed.

### c. No State Law Claims

At the end of claim three, plaintiff writes "violating the plaintiff's 1st, 8th, 14th Amendment; Cal. Gov. Code 845.4; PC 2600, Section 1170." (ECF No. 11 at 20.)  But as plaintiff was previously informed, criminal statutes do not give rise to civil liability.  Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006).  Further, "[t]o the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996)); see also Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right).

Finally, the Court declines to construe plaintiff's allegations in claim three as attempting to raise supplemental state law claims because plaintiff failed to allege compliance with the California Government Claims Act as to each claim.  See Cal. Gov't Code § 810 et seq.

Thus, plaintiff's Fourteenth Amendment, defamation/libel or other putative state law claims should be dismissed without prejudice.

### D. Unrelated Claims -- Claims Three and Four Against Defendant C. Griffith

Plaintiff's claims against defendant C. Griffith took place on January 24, 2023, after the retaliation claims against the remaining defendants, and involve a grievance and RVR that did not involve the remaining defendants.  Thus, plaintiff's claims against defendant C. Griffith are not properly raised in the same action.  Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)). Here, plaintiff's putative claim against defendant C. Griffith arose from a different incident involving a different grievance and different RVR than the RVR resulting in his placement in ad seg in January 2023, as well as a different defendant, and no question of fact involving defendant C. Griffith would be common to all of the defendants named herein. Therefore, plaintiff's claims against defendant C. Griffith are not properly joined in this action.

Where parties have been misjoined, the court may drop a party or sever the claims against that party. Fed. R. Civ. P. 21. "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (quoting DirecTV, Inc. v. Leto, 467 F.3d 842, 846-47 (3d Cir. 2006)).

Because 42 U.S.C. § 1983 does not have its own statute of limitations, district courts apply California's statute of limitations for personal injury actions and California's laws regarding equitable tolling, except to the extent any of these laws is inconsistent with federal law. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). California's statute of limitations for personal injury actions is two years. See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370

10

F.3d 945, 954-55 (9th Cir. 2004). Such limitation period is statutorily tolled for a period of two years for a person who is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1. Thus, a prisoner serving a term less than life in California may have four years to file a federal claim pursuant to section 1983. See Cato v. Darst, 2019 WL 2249636, at *2 (E.D. Cal. May 23, 2019), findings and recommendations adopted, 2019 WL 13366552 (E.D. Cal. Aug. 2, 2019).

Here, because the unrelated claims against defendant C. Griffith are based on the subsequent January 24, 2023 RVR, plaintiff will not be prejudiced by the dismissal of the unrelated claims, without prejudice, from this action. According to CDCR records, plaintiff is eligible for parole consideration in June 2026.[2] Because plaintiff is not serving a sentence of life without parole, he is entitled to the additional statutory tolling period of two years to file his federal claim under section 1983. See Cato, 2019 WL 2249636, at *2. Thus, plaintiff may have four years from the date his claim against defendant C. Griffith accrued to file a civil rights action against defendant C. Griffith. Consequently, plaintiff may pursue such claim, if at all, in a separate, timely filed action. See also George, 507 F.3d at 607 ("Unrelated claims against unrelated defendants belong in different suits").

Further, because the amended complaint does not clearly state a cognizable claim against defendant C. Griffith, the Court finds that severance is inappropriate. Plaintiff's allegations against defendant Griffith remain unclear. Plaintiff does not allege that defendant Griffith issued the false RVR in retaliation for plaintiff's protected conduct. Rather, plaintiff vaguely alleges it was issued in violation of due process, but includes no facts demonstrating how the RVR violated due process. (ECF No. 11 at 20.) In addition, plaintiff confirms that he subsequently appealed the RVR and was found not guilty. Thus, it is unclear what injury plaintiff may have sustained from the allegedly false RVR. Plaintiff claims defendant Griffith entered the false report into

---

[2] This information was obtained from the CDCR Inmate Locator website, https://ciris.mt.cdcr.ca.gov/ (accessed June 17, 2025). The Court may take judicial notice of public records available on online inmate locators. See United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); see also Foley v. Martz, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

SOMS, but it is unclear whether the report was removed following the grant of plaintiff's grievance by the office of appeals. Thus, this Court finds severance is not an appropriate remedy. See Coleman, 232 F.3d at 1297 (courts have broad discretion regarding severance).

Accordingly, the Court finds that plaintiff's unrelated claims against defendant C. Griffith should be dismissed without prejudice.

## V.    PLAINTIFF'S OPTIONS

### A. First Option

Plaintiff may proceed forthwith to serve defendants M. Deforest, R. St. Andre, D. Jodin, M. Murphy and A. Albrecht and pursue his claims against only those defendants, as set forth above, or he may delay serving any defendant and attempt to rectify the deficiencies identified above. If plaintiff elects to proceed forthwith against defendants M. Deforest, R. St. Andre, and D. Jodin, M. Murphy and A. Albrecht, against whom he stated potentially cognizable claims for relief, then within thirty days plaintiff must so elect on the appended form. In this event, the Court will construe plaintiff's election as consent to dismissal of (a) the claims for money damages against all the named defendants in their official capacities, (b) the unrelated claim against defendant C. Griffith, and (c) the noncognizable claims against the defendants identified above, all without prejudice. Under this option, plaintiff does not need to file a second amended complaint.

### B. Other Option

Or, plaintiff may delay serving any defendant and attempt to state additional cognizable claims against defendants M. Deforest, R. St. Andre, D. Jodin, M. Murphy and A. Albrecht. If plaintiff elects to attempt to file a second amended complaint, he has thirty days to do so.

Any second amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. See Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is

legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678 (citing Bell Atlantic, 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a second amended complaint, the original and amended complaints are superseded. **Plaintiff is not granted leave to add new claims or new defendants.** In addition, because plaintiff is pursuing claims related to incidents that occurred in two different years, plaintiff should specifically identify the date of the act or omission as to each named defendant.

## VI.   ORDERS

Accordingly, IT IS HEREBY ORDERED that:

1. The allegations in the amended complaint are sufficient at least to state potentially

cognizable claims as follows: (a) First Amendment retaliation claims against defendants M. Deforest, A. Albrecht, and D. Jodin (claims one and three, 2023); (b) First Amendment retaliation claims against defendants D. Jodin, M. Murphy and A. Albrecht (claim three, 2022); (c) Eighth Amendment claims against defendants M. Deforest, A. Albrecht, and D. Jodin (claims one and three, 2023), and (d) Eighth Amendment claim against defendant R. St. Andre and failure to intervene to correct staff misconduct (claim two). See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the court within thirty days from the date of this order. In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims identified above without prejudice.

2. The following claims are dismissed with leave to amend: (a) plaintiff's Fourteenth Amendment and access to the courts claim raised against defendants M. Deforest and A. Albrecht (claim one); (b) First and Fourteenth Amendment claims against defendant R. St. Andre (claim two); and (c) equal protection claims against defendants B. Jodin, M. Murphy, and A. Albrecht (claim three). Within thirty days of service of this order, plaintiff may file a second amended complaint to attempt to remedy the deficiencies described above. Plaintiff is not required to amend.

3. Failure to comply with this order will result in a recommendation that this action proceed solely on the cognizable claims identified above.

Dated: June 23, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/wrig0420.14o2

14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATHELSTAN A. WRIGHT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. DEFOREST, et al.,<br><br>　　　　　Defendants. | No. 2:24-cv-0420 CSK P<br><br><u>NOTICE OF ELECTION</u> |

Plaintiff elects to proceed as follows:

_____　　**First**, plaintiff opts to proceed with the following claims: (a) First Amendment retaliation claims against defendants M. Deforest, A. Albrecht, and D. Jodin (claims one and three, 2023); (b) First Amendment retaliation claims against defendants D. Jodin, M. Murphy and A. Albrecht (claim three, 2022); (c) Eighth Amendment claims against defendants M. Deforest, A. Albrecht, and D. Jodin (claims one and three, 2023), and (d) Eighth Amendment claim against defendant R. St. Andre and failure to intervene to correct staff misconduct (claim two). **Second**, under this option, plaintiff consents to dismissal of the following claims: (a) plaintiff's claims for money damages against defendants in their official capacities; (b) plaintiff's Fourteenth Amendment and access to the courts claim raised against defendants M. Deforest and A. Albrecht (claim one); (c) First and Fourteenth Amendment claims against defendant R. St. Andre (claim two); (d) equal protection claims against defendants B. Jodin, M. Murphy, and A. Albrecht (claim three); (e) libel/defamation claims (claim three); and (f) state law claims (claim three); and (g) plaintiff's unrelated claims against defendant C. Griffith, all without prejudice.

　　**OR**

\_\_\_\_\_　　Plaintiff opts to file a second amended complaint and delay service of process.

DATED: _____　　　　　_____
　　　　　　　　　　　　　　　　　　　Plaintiff

15