UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATHELSTAN A. WRIGHT,<br>Plaintiff,<br>v.<br>M. DEFOREST, et al.,[1]<br>Defendants. | No. 2:24-cv-0420 CSK P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Defendants' fully briefed motion to dismiss the first amended complaint is before the Court. Defendants argue that plaintiff's first amended complaint should be dismissed based on the doctrine of res judicata. As discussed below, defendants' motion to dismiss should be denied.

///

[1] On July 7, 2025, pursuant to plaintiff's election, the following claims were dismissed without prejudice: (a) plaintiff's claims for money damages against defendants in their official capacities; (b) plaintiff's Fourteenth Amendment and access to the courts claim raised against defendants M. Deforest and A. Albrecht (claim one); (c) First and Fourteenth Amendment claims against defendant R. St. Andre (claim two); (d) equal protection claims against defendants D. Jodin [sic], M. Murphy, and A. Albrecht (claim three); (e) libel/defamation claims (claim three); (f) state law claims (claim three); and (g) plaintiff's unrelated claims against defendant C. Griffith (claim four), all without prejudice. (ECF Nos. 14, 15.) Defendant C. Griffith was dismissed from the action. (<u>Id.</u>)

I. BACKGROUND

Pursuant to this Court's July 7, 2025 screening order, this case proceeds solely as to the following claims: (a) First Amendment retaliation claims against defendants M. Deforest, A. Albrecht, and D. Jodin [sic] (claims one and three, 2023); (b) First Amendment retaliation claims against defendants D. Jodin [sic], M. Murphy and A. Albrecht (claim three, 2022); (c) Eighth Amendment claims against defendants M. Deforest, A. Albrecht, and D. Jodin [sic] (claims one and three, 2023), and (d) Eighth Amendment claim against defendant R. St. Andre and failure to intervene to correct staff misconduct (claim two). (ECF No. 15 at 2.)

On November 13, 2025, defendants M. De Forest, A. Albrecht, R. St. Andre, M. Murphy, and D. Jodoin filed a motion to dismiss.[2] (ECF No. 23.) Following extensions of time, on March 11, 2026, plaintiff filed an opposition. (ECF No. 39.) Defendants did not file a reply.

II. PLAINTIFF'S FIRST AMENDED COMPLAINT (No. 2:24-cv-0420 CSK P)

Plaintiff's allegations are based on incidents that took place at High Desert State Prison ("HDSP"). (ECF No. 11.) In his first claim, plaintiff alleges defendants M. Deforest and A. Albrecht authored a false rules violation report ("RVR") against plaintiff in retaliation for plaintiff filing administrative grievances against defendants A. Albrecht, D. Jodoin and M. Murphy, which resulted in plaintiff being unlawfully placed in administrative segregation ("ad seg") on January 12, 2023, where he was held for 97 days. (ECF No. 11 at 5-10.) Plaintiff was found not guilty of the RVR on June 6, 2024. (Id. at 9.) In addition to being housed in ad seg, plaintiff was deprived of good time credits; lost eligibility for minimum custody; lost his job as a plumber; lost his wife to divorce because of the false charges and possibility of getting more time in prison; could not be considered for section 1170 resentencing for positive programming due to false charges; was placed on close custody status for one year; and could not receive conjugal visits. (Id. at 10.)

///

[2] Defendants note that plaintiff misspelled defendant D. Jodoin's last name as Jodin. (ECF No. 23 at 2 n.1.) The Clerk of the Court will be directed to change the defendant's name in the court record to Jodoin.

In his second claim, plaintiff alleges that on September 19, 2022, plaintiff submitted a grievance in which he requested that defendant R. St. Andre intervene to stop staff misconduct and retaliation by defendants A. Albrecht, D. Jodoin and M. Murphy. (Id. at 11.) In addition, while plaintiff was in ad seg, he wrote to defendant R. St. Andre and requested release from ad seg based on plaintiff's right to file grievances. (Id. at 12.) Plaintiff contends defendant St. Andre failed to correct the retaliatory misconduct. (Id.) Plaintiff cites the same injuries as those set forth in claim one. (Id. at 14.)

In his third claim, plaintiff alleges that defendants D. Jodoin, M. Murphy, and A. Albrecht improperly conducted a cell search by searching only plaintiff's cell, and argues that if there was an active investigation, defendants should have searched all the cells. (Id. at 15.) Plaintiff also alleges that defendants D. Jodoin, M. Murphy, and A. Albrecht retaliated against plaintiff for filing a grievance concerning the September 8, 2022 cell search by removing all of plaintiff's personal property from his cell and throwing some of it over the tier into an orange bin rather than properly gathering the property for alleged inspection for contraband. (Id.) Plaintiff also alleges he was falsely charged with an RVR claiming plaintiff extorted peace officers using threats of staff allegations and civil suits. (Id. at 15-18.) On January 10, 2023, defendants A. Albrecht and D. Jodoin summoned plaintiff to the HDSP program office to discuss plaintiff's grievances, where they secretly recorded the conversation with the malicious intent to falsely accuse plaintiff of extortion. (Id. at 17-18.) As a result, plaintiff was placed in ad seg based on false documents. Plaintiff reiterated his retaliation claim against defendant A. Albrecht from the first claim. (Id. at 18-19.) Plaintiff alleges violations of his First and Eighth Amendment rights. As injury, plaintiff claims false reports were entered into the Strategic Offender Management System ("SOMS") with the intent to cause plaintiff harm and danger and to cover up misconduct; mental damages, severe headaches and stress related issues due to retaliation. (Id.)

As relief, plaintiff seeks a declaratory judgment, injunctive relief, and money damages. (Id. at 23-26.)

///

///

III. REQUEST FOR JUDICIAL NOTICE

Defendants request the Court take judicial notice of documents filed in plaintiff's prior case, Wright v. A. Albrecht, No. 2:23-cv-0453 DJC JDP P (E.D. Cal.). (ECF No. 23-1.) Plaintiff did not oppose the request. (ECF No. 29, passim.)

The court may judicially notice a fact not subject to reasonable dispute because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is proper for public records whose accuracy is not in dispute. See Anderson v. Holder, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("[A court] may take judicial notice of records and reports of administrative bodies." (internal quotation marks omitted)); United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003) (same). In addition, a court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001) (court may take judicial notice of dismissal and ground therefore, but not of disputed facts therein). Proper subjects of judicial notice include "court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); Fed. R. Evid. 201(b)(2).

Defendants ask this Court to take judicial notice of plaintiff's original, first and second amended complaints filed in No. 2:23-cv-0453 DJC JDP P. However, plaintiff's second amended complaint was the operative pleading in No. 2:23-cv-0453 DJC JDP P. An amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Thus, the Court declines to take judicial notice of the original and first amended complaints filed in No. 2:23-cv-0453 DJC JDP P.

The Court finds the requested judicial notice is appropriate for the remaining documents, but only as to the fact such documents were filed, and not as to any disputes of fact contained therein. Accordingly, the Court takes judicial notice of plaintiff's June 14, 2023 second amended complaint, the court's July 31, 2023 screening order, plaintiff's August 28, 2023 response to the

screening order, the docket for No. 2:23-cv-0453 DJC JDP P, and the April 23, 2024 stipulated dismissal with prejudice (ECF No. 23-1 at 37-74), "without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908 (citations omitted).

IV. PLAINTIFF'S PRIOR CASE

In plaintiff's prior case, Wright v. A. Albrecht, No. 2:23-cv-0453 DJC JDP P (E.D. Cal.), plaintiff alleged in his second amended complaint that on September 8, 2022, defendants A. Albrecht, D. Jodoin, and M. Murphy searched his cell. No. 2:23-cv-0453 DJC JDP P (ECF No. 14 at 5). During the search, they confiscated certain medical equipment, including his prescription glasses, and refused to return it to him. Id. As a result, plaintiff, who is visually impaired, claims that he suffered temporary blindness, migraines, headaches, vomiting, and loss of appetite. Id. In the July 31, 2023 screening order, the court found that only plaintiff's Eighth Amendment deliberate indifference to serious medical need claims against defendants A. Albrecht, D. Jodoin, and M. Murphy were viable to proceed. No. 2:23-cv-0453 DJC JDP P (ECF No. 15 at 1).

The court found plaintiff's remaining claims in his second amended complaint failed to state cognizable civil rights violations. (Id.) Specifically, plaintiff alleged the following. Id. (ECF No. 14.) Defendants A. Albrecht, D. Jodoin, and M. Murphy's actions violated plaintiff's Equal Protection rights and amounted to a breach of contract. Id. at 7. On September 14, 2022, defendants A. Albrecht and D. Jodoin filed false disciplinary reports against him. Id. at 10. Some of plaintiff's personal property was lost after the confiscation of his medical equipment. Id. at 11. Further, plaintiff alleged that on January 12, 2023, defendant M. Deforest read plaintiff a lock-up order and placed plaintiff in ad seg despite plaintiff informing him of the retaliation and misconduct of M. Deforest's subordinates, in violation of plaintiff's due process and First Amendment rights. Id. at 12. In his fifth claim, plaintiff alleged a threat to safety under the Eighth Amendment, claiming he informed defendant R. St. Andre of the retaliation and misconduct and seeking St. Andre's intervention. Id. at 13-14. In his sixth and seventh claims, plaintiff raised supervisory liability claims against defendants Connie Gipson and Kathleen Allison alleging a failure to train or supervise their subordinates. Id. at 15-16.

## V. GOVERNING LEGAL STANDARDS

### A. Legal Standards Governing Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Bell Atlantic Corp., 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee, 250 F.3d at 688 (internal quotes and citation omitted). Otherwise, the motion is treated as one for summary judgment. Id. There are exceptions for material which is properly submitted as part of the complaint and "matters of public record" which may be judicially noticed. Id. at 688-89. "If the documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them." Id. at 688 (quoting Parrino v. FHD, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998)).

### B. Res Judicata

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008).

The doctrine of res judicata bars the re-litigation of claims previously decided on their merits. Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters, 399 F.3d at 1052 (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003)); see also United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011) (same).

Claim preclusion provides that a final judgment on the merits of an action precludes the parties from litigating claims that were, or could have been, raised in that action. See Taylor, 553 U.S. at 892. Under the doctrine of issue preclusion, a party is precluded from re-litigating an issue if (1) there was a full and fair opportunity to litigate the issue previously; (2) the issue was actually litigated; (3) there was a final judgment on the merits; and (4) the person against whom collateral estoppel is asserted was a party or in privity with a party in the previous action. Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1050 (9th Cir. 2008).

## VI. THE PARTIES' POSITIONS

### A. Defendants' Motion

Defendants argue that the claims in the current action are the same as the claims raised in plaintiff's previous action, No. 2:23-cv-0453 DJC JDP P, because the complaints in the prior action mention the same events, dates, and claims that plaintiff raises now: (1) a September 8, 2022 cell search involving defendants A. Albrecht, D. Jodoin, and M. Murphy, followed by a threat from A. Albrecht to "make noise"; (2) a property dispute and related grievances in mid-September 2022; (3) placement in ad-seg on January 12, 2023; (4) a "false" or "fabricated" RVR, received on January 17, 2023; and (5) defendant R. St. Andre's failure to correct the other defendants' violations of plaintiff's rights. (ECF No. 23 at 7 (citing ECF No. 23-1 (Defs.' Req. Jud. Not.)).) Defendants point out that in both actions, plaintiff alleged violation of his First and Eighth Amendment rights. (ECF No. 23 at 7.) Defendants acknowledge that in plaintiff's prior action, all claims except his Eighth Amendment claim for confiscation of medical equipment were screened out, and argue that if plaintiff wished to litigate the screened-out claims, he should

have filed another amended complaint in his prior action. (Id.) Defendants argue that the parties in both actions are the same. (Id.) Finally, defendants argue that the prior action reached a final adjudication on the merits. (Id.) Defendants contend that following settlement, a stipulated dismissal with prejudice was entered which is considered a final judgment on the merits for purposes of res judicata. (Id. at 7-8.)

B. Plaintiff's Opposition

In his opposition, plaintiff admits this action is against the same parties as plaintiff's prior action, but denies there is an identity of claims, and argues he was unable to bring the dismissed claims in his prior action because he could not exhaust administrative remedies due to his "placement in punitive segregation as a result of retaliation." (ECF No. 29 at 4.) Plaintiff was placed in segregation on January 12, 2023, and was released 97 days later, on April 19, 2023. (Id. at 6.) The settlement in plaintiff's earlier case was "solely for defendants losing plaintiff's medically prescribed glasses and other personal property." (Id.) In the alternative, plaintiff contends the court should allow him to amend his pleading in No. 2:23-cv-0453 DJC JDP P because he relied on an incompetent jailhouse lawyer and chose to proceed solely on the claim found cognizable rather than amend. (Id. (citing Powell v. Basto, 2020 WL 2111931 (S.D. Cal. May 4, 2020)).)

## VII. DISCUSSION

The parties agree that plaintiff named the same parties in both lawsuits.[3] But here, even assuming that the allegations in this action arise from the same nucleus of facts plaintiff attempted to raise in the prior action, but then failed to pursue, assuming he could have,[4] this Court cannot find that there was a final judgment on the merits of all these claims in the first action. This is because the prior court screened out most of plaintiff's claims, and then, when plaintiff elected to proceed solely as to his Eighth Amendment medical claim against defendants A. Albrecht, D.

[3] The Court observes that defendants M. Deforest and R. St. Andre were terminated from the prior action on September 1, 2023, before service of process in the prior action. No. 2:23-cv-0453 DJC JDP P (ECF No. 17).

[4] Defendants do not address plaintiff's claim that he could not pursue those claims because he had not yet exhausted his administrative remedies.

Jodoin, and M. Murphy, the prior court deemed such election as plaintiff further amending his pleading and administratively terminated the remaining defendants. No. 2:23-cv-0453 DJC JDP P (ECF No. 17 at 1). Given this procedural posture, and the fact that the docket makes clear that only the Eighth Amendment medical claim was litigated, finally resolved by a settlement, this Court concludes that only the Eighth Amendment medical claim against defendants A. Albrecht, D. Jodoin, and M. Murphy was determined on the merits, not the previously screened out claims. As discussed above, claim preclusion applies when there is a final judgment on the merits. This Court finds that the screening out of plaintiff's myriad claims against defendants in case no. 23-cv-0453 does not bar plaintiff's claims raised against defendants in this action. This action is not proceeding on any Eighth Amendment medical claims against defendants.

Therefore, defendants' motion to dismiss on the grounds that plaintiff's claims are barred by res judicata should be denied.

VIII. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case, and change the last name of defendant D. Jodin to Jodoin.
2. Defendants' request for judicial notice (ECF No. 23-1) is partially granted.

Further, IT IS RECOMMENDED that:

1. Defendants' motion to dismiss the first amended complaint (ECF No. 23) be denied; and

2. Defendants be directed to file an answer within twenty-one days of the date the findings and recommendations are adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 31, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/wrig0420.mtd.res.j